UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO ROY HUNTER,

    Petitioner,                                         Case No. 1:09-cv-606

v                                                     HON. JANET T. NEFF

CAROL HOWES,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11.

Petitioner first argues that ineffective assistance of counsel, together with prejudice, can excuse his "procedural default." (Dkt 9 at 1) However, Petitioner's failure to file his habeas petition within the one-year limitations period does create a procedural default. *See Williams v. Anderson*, 460 F.3d 789, 806 (2006) (noting that a state court's rejection of a petitioner's claim on procedural

grounds and a petitioner's failure to raise and pursue a claim in state court are the two ways a claim may be procedurally defaulted). Therefore, Petitioner's argument is without merit, and his objection is denied.

Petitioner also argues that the Magistrate Judge erred in not applying equitable tolling to his claim (Dkt 9 at 4). Petitioner asserts that the "fraud on the court" he alleges in his habeas corpus petition is an extraordinary circumstance that should toll the running of the limitations period. This argument is also without merit. A petitioner seeking equitable tolling of the limitations period must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has failed to establish either of these elements. He has not demonstrated how any alleged "fraud on the court" prevented him from filing for habeas relief for over five years, nor has he asserted that he has acted diligently. Therefore, his objection is denied.

Having denied Petitioner's objections, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district
2

court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court concludes that reasonable jurists would not find the Court's procedural ruling debatable. Petitioner filed his habeas petition over five years after the limitations period had run, and he has shown no grounds for tolling the limitations period. A COA will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: December 1, 2009  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge